UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20237-Civ-COOKE/TORRES

WENDY POOLE,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Wendy Poole ("Plaintiff" or "Ms. Poole") brings this action to recover damages plus interest and costs for the alleged negligence of Carnival Corporation ("Defendant" or "Carnival"). *See generally* Compl., ECF No. 1. Defendant Carnival Corporation filed a Motion for Summary Judgment (ECF No. 33), contending that Plaintiff is unable to establish her negligence claim. Plaintiff Wendy Poole filed her Response in Opposition to Defendant's Motion for Summary Judgment [DE33] (ECF No. 39), to which Defendant filed its Reply in Support of its Motion for Summary Judgment (ECF No. 40). Therefore, Defendant Carnival Corporation's Motion for Summary Judgment is fully briefed and ripe for adjudication.

I have reviewed Defendant's Motion for Summary Judgment and accompanying attachments, Plaintiff's Response and accompanying attachments, Defendant's Reply, the record, and the relevant legal authorities. I agree that Plaintiff is unable to establish her negligence claim.

Plaintiff was a passenger on the Carnival Liberty cruise ship when she alleges that she was injured on November 8, 2012 at approximately 11:00 p.m. Def.'s Statement Undisputed Facts ¶¶ 1-2.[1] Plaintiff was in a lounge on board the cruise ship enjoying a

---

[1] The following facts, which are deemed admitted, are taken from Defendant's Statement of Undisputed Facts, included in its Motion for Summary Judgment (ECF No. 33). The facts are deemed admitted to the extent that they are supported by evidence in the record as Plaintiff failed to comply with Local Rule 56.1 in opposing Defendant's Statement of Undisputed Facts. *See* S.D. Fla. L.R. 56.1(b); *see also Gossard v. JP Morgan Chase &*

comedy show with her husband when she decided to leave momentarily to check on their son, who was in their cabin on a different deck. To get to the cabin, Plaintiff walked through the Hot and Cool nightclub. *Id.* at ¶ 3. Plaintiff then returned to her husband using the same route, but this time, she walked into a glass door. *Id.* at ¶ 4. Plaintiff testified that she did not remember if the glass door she walked into had a handle, a sticker strip, or a frame, however she did admit that the area was illuminated and that she could see a man standing with his arms crossed in the area of the door. *Id.* at ¶¶ 7-8. Carnival's corporate representative, Rolando Diaz, testified that the glass door in question did have a sticker strip from one side of the door to the other, located at about waist level, a sign that said "push," a door handle on the left-hand side, and a metal door frame. *Id.* at ¶¶ 9-10. Raul Garardo, a security officer on board the ship who investigated Plaintiff's accident, confirmed that the door had a stripe across the middle. *Id.* at ¶ 11.

## I. LEGAL STANDARD

Summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)) (internal quotations omitted); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.,* 894 F.2d 1555, 1558 (11th Cir. 1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly

---

*Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"For factual issues to be considered genuine, they must have a real basis in the record...mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005) (citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

## II. DISCUSSION

Plaintiff's single-count Complaint brings an action for negligence against Defendant Carnival. "A negligence claim requires a plaintiff to show that (1) defendants owe plaintiffs a duty, (2) defendants breached the duty, (3) defendants' breach injured plaintiffs, and (4) plaintiffs' damage was caused by the injury to the plaintiff as a result of the defendant's breach of duty." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (internal quotation marks and alterations omitted); *see also Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1236 (S.D. Fla. 2006) ("To satisfy the burden of proof in a negligence action, plaintiff must show: (1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; (3) that this breach was the proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages."); *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345, 1351 (S.D. Fla. 2008) (same). "Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of her complaint in making a sufficient showing on each element for the purposes of defeating summary judgment." *Isbell*, 462 F. Supp. 2d at

3

1236-37.

Carnival does not contest that it owed a duty of care to Plaintiff. Indeed, "[i]t is a settled principle of maritime law that a shipowner owes passengers the duty of exercising reasonable care under the circumstances." *Id.* at 1237 (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959); *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40 (S.D. Fla. 1986)). Rather, Carnival contends that Plaintiff's negligence claim fails because she is unable to establish the second, third, and fourth elements of negligence – namely, that Carnival breached its duty to her, any alleged breach of duty was the proximate cause of her injuries, and that she suffered damages. *See* Def.'s Mot. Summ. J. 6-17. I will address each contested element in turn.

### A. Breach of Duty

Plaintiff alleges that Carnival breached its duty of care, creating a dangerous condition, namely a clear, glass door with no markings, stickers, or warnings to indicate when the door is closed. In her Response to Defendant's Motion for Summary Judgment, Plaintiff states that "there is ample record evidence that the glass door in the aft most section of the Hot & Cool Nightclub lacked sufficient warnings…the door lacked any markings, and whatever markings it had were narrow, small, and well below eye level." Pl.'s Resp. 6. However, Plaintiff fails to provide any citation to the record to support her statements. On the other hand, Carnival cites to a number of places in the record demonstrating that the door has a sticker strip across it at or just below waist height, a door handle, a sign that says "push," and a metal frame. Plaintiff's conclusory statements regarding "ample" record evidence, unsupported by any actual citation to the record, are insufficient to demonstrate the existence of a material dispute as to any alleged breach of Carnival's duty of care.

The reasoning articulated above also extends to all of Plaintiff's claims predicated on Carnival's failure to have safeguards, to instruct its crew, to have an assessment and inspection procedure in place, to comply with all clear, glass door warranties, uses, maintenance and inspections, recommendations and requirements, to comply with its own internal policies and procedures, or to comply with external standards. Once again, Plaintiff fails to cite to any record evidence to support her position that Carnival failed to maintain or failed to inspect the glass door at issue or failed to train crewmembers with regard to glass doors on board the ship. Plaintiff attempts to argue that Carnival is bound by standards

articulated in the Americans with Disabilities Act ("ADA") and other "national standards, which provide for safe use of glass doors." *Id.* at 13. However, Plaintiff fails to explain how the ADA is applicable in this case and fails to provide any record evidence demonstrating that the standards she relies upon (i.e. New York State Law Industrial Codes Rule No. 47, Maryland Code § 10.16.04.03, and St. Petersburg, FL City Ordinance 8-1) are actually national standards applicable to Carnival's vessels. Again, Plaintiff makes conclusory statements regarding these supposedly national standards, unsupported by any record evidence or any expert testimony regarding their applicability in this particular situation.

Plaintiff also alleges that Carnival breached its duty of care, creating a dangerous condition and allowing it to exist notwithstanding its knowledge of prior similar incidents. Plaintiff cites to the deposition testimony of Raul Gararado, a security officer, in support of the proposition that closing the subject glass door after Plaintiff walked through it on her way to check on her son created the dangerous condition. Plaintiff also cites to the deposition testimony of Carnival's corporate representative, Rolando Diaz, in support of the proposition that Carnival allowed a dangerous to condition to exist, notwithstanding its knowledge of prior incidents. Mr. Diaz identified seven prior incidents that occurred on the Carnival Liberty (Plaintiff's cruise ship), as well as on the Carnival Valor and the Carnival Freedom, involving passengers hitting, striking, or bumping into a glass door. In response, Carnival argues that Plaintiff has failed to produce any record evidence of substantially similar incidents that would have put Carnival on notice of a dangerous condition and that, to the extent Plaintiff argues that the door was a dangerous condition of which Carnival failed to warn her, it had no duty to warn of an open and obvious danger.

When a passenger claims she is injured by a dangerous condition on the ship, the standard of care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Therefore, generally, in order to prove that a defendant breached its duty of care, a plaintiff must show that: (1) a dangerous condition existed and (2) that defendant had actual notice of the dangerous condition. *See id.* However, "[w]here a cruise ship operator created the unsafe or forseeably hazardous condition, a plaintiff need not prove notice in order to show negligence." *Long v. Celebrity Cruises, Inc.*, 2013 WL 6043918, at *3 (S.D. Fla. Aug. 1, 2013). A dangerous condition is

5

one that is not apparent and obvious to the passenger. *Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2009). The mere fact that an accident occurs does not give rise to a presumption that the setting of the accident constituted a dangerous condition. *See Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006).

Here, since Plaintiff alleges that Carnival created the dangerous condition, she does not need to prove notice in order to show negligence. Therefore, Carnival's arguments regarding lack of notice of similar incidents are unavailing. However, even after disregarding those arguments, Plaintiff still fails to demonstrate that Carnival breached its duty of care because she cannot point to any record evidence to support her claim that Carnival created the alleged dangerous condition. Plaintiff argues that Carnival has a policy of keeping the glass door in question closed at all times when the nightclub is open, and that Carnival violated its policy by leaving the door open when Plaintiff walked through the subject glass door the first time to check on her son. Essentially, Plaintiff argues that had Carnival followed its own operating procedures, she would never have banged into the glass door in question because she would have had to proactively open the door on her way to check on her son. However, Plaintiff fails to fully develop this line of reasoning and cannot point to any record evidence indicating that she passed through the nightclub when it was operational.

Further, under maritime law, a carrier's duty of reasonable care includes a duty to warn passengers of dangers of which the carrier knows or should know, but which may not be apparent to a reasonable passenger. *Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1357 (S.D. Fla. 2013). The duty to warn, however, does not extend to dangers that are open and obvious. *Id.* Open and obvious conditions are those that should be obvious by the ordinary use of one's senses. *See Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 42 (S.D. Fla. 1986). Here, Plaintiff premises her entire argument on the fact that there were no visible markings on the glass door at issue. However, Carnival has introduced record evidence that indicates otherwise. The door had a sticker across its center, a handle, a warning sign, and a metal frame. Therefore, Carnival had no duty to warn Plaintiff about something that she should have noticed through the ordinary use of her senses. *See id.* at 40 (finding no duty to warn passenger about "the presence of the ledge behind the shower curtain [because it] was, or should have been, obvious to [the plaintiff] by the ordinary use of her senses").

### B. Proximate Cause

Carnival argues that even were Plaintiff able to establish a breach of the duty of care, her negligence action would still fail because she cannot establish that any alleged breach of Carnival's duty proximately caused her injuries. I agree.

Plaintiff alleges that Carnival's breaches of its duty of care directly and proximately caused her to suffer various bodily injuries, including nasal sinus fractures, traumatic brain injuries, cognitive and memory difficulties, and exacerbated her pre-existing posttraumatic stress disorder and anxiety disorder. *See generally* Compl.; *see also* Pl.'s Resp. 2. In order to establish that Carnival's breach of its duty of care proximately caused her injuries, Plaintiff requires the testimony of an expert. *See Marking v. Novartis Pharm. Corp., Inc.*, 2002 WL 32255405, at *3 (S.D. Fla. Feb. 12, 2002) (finding that a plaintiff is required to introduce expert testimony to establish medical causation). However, Plaintiff has no expert witness testimony to offer because she failed to properly disclose her expert witnesses as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

I ordered Plaintiff to furnish her expert witness list to the Defendant by November 4, 2014. On November 4, 2014, the very day her expert witness disclosures were due, Plaintiff filed a motion for extension of time to file her expert disclosures. On November 7, 2014, I denied plaintiff's motion without prejudice, explaining that extending the expert witness disclosure deadline would place undue pressure on other deadlines and alerting Plaintiff that she "may refile her motion clearly setting forth proposed deadlines with these considerations in mind." Endorsed Order, ECF No. 32. Plaintiff did not re-file her motion, nor did she request further leave to serve her expert witness disclosures beyond the November 4, 2014 deadline. Instead, Plaintiff waited until November 25, 2014, the deadline for all dispositive motions, to serve her expert witness disclosures on the Defendant. She then filed a motion with this Court on December 31, 2014, requesting that this Court deem her expert witness disclosures timely filed as of November 25, 2014. *See* Pl.'s Mot. for Clarification, ECF No. 38.

Plaintiff's late disclosure troubles me. She waited until the day of the dispositive motion deadline to provide Defendant with her expert witness disclosures. Plaintiff appears to be operating under the ideology that it's better to beg for forgiveness than to ask for permission, but that does not work here. Defendant rightly urges the exclusion of Plaintiff's

7

expert witness testimony under Rule 37(c)(1), which provides: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)…is not, unless such failure is harmless, permitted to use as evidence…any witness or information not so disclosed." The rule further provides that "in addition to or in lieu of this sanction, the court…may impose other appropriate sanctions." Thus, whether to exclude testimony of an undisclosed, or in this case, untimely disclosed, expert rests within the Court's discretion. *See Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004); *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004). To allow Plaintiff to rely on her untimely disclosed expert would unduly prejudice the Defendant, who will not have had an opportunity to depose Plaintiff's expert or properly prepare rebuttal experts. Plaintiff, as the proponent of the expert, should have known the importance of compliance with Rule 26. I afforded Plaintiff an opportunity to re-file her request for additional time within which to file her expert witness disclosures but she failed to do so, and I will not approve such a request now. Therefore, without the testimony of an expert witness, Plaintiff has failed to establish that any alleged breaches of the duty of care by Carnival proximately caused her injuries.

### C. Damages

Plaintiff testified in her deposition that she suffers from a fractured skull, CSF leak, and memory problems as a result of her injury on board Carnival's vessel. However, Plaintiff's damages claims fail because there is no record evidence to support her claims and, for the same reasons stated above, she cannot rely upon her untimely disclosed expert witness disclosures. Therefore, Plaintiff has failed to establish that she suffered any damages as a result of Carnival's alleged breach of its duty of care.

### III. CONCLUSION

Having reviewed the arguments and the record, I find that Plaintiff fails to establish that Carnival breached any duty owed to her, that any alleged breach by Carnival proximately caused her injury, or that she suffered any damages. Essentially, Plaintiff fails to demonstrate that a genuine issue of material facts exists regarding the Defendant's alleged negligence. Accordingly, summary judgment in favor of the Defendant is appropriate.

It is, therefore, **ORDERED and ADJUDGED** that Defendant's Motion for Summary Judgment (ECF No. 33) is **GRANTED**. Plaintiff's Complaint is **DISMISSED**.

All pending motions, if any, are **DENIED** *as moot*. A separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure shall issue concurrently.

    **DONE and ORDERED** in chambers at Miami, Florida, this 8th day of April 2015.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*